NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD RYNN, next friend and parent of MR, a minor person; next friend of M.R., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GREGORY A. McKAY, in his official capacity as Director of Arizona Department of Child Safety and personally; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> RENEE MILLER; et al., <br><br> Defendants. | No. 18-17426 <br><br> D.C. No. 2:18-cv-00414-JJT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 4, 2020**

Before:   FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Richard Rynn appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of defendants' removal of his minor daughter from his custody. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Rynn's claims against defendant Frontera Arizona Empact-SPC because Rynn failed to allege facts sufficient to state a plausible claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also* Ariz. Rev. Stat. §§12-2603, 13-3620.

18-17426

The district court did not abuse its discretion in dismissing Rynn's claims against the State Defendants and the Quail Run Defendants pursuant to Arizona Local Rule of Civil Procedure 7.2(i) for Rynn's failure to file an opposition to the motions to dismiss. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and explaining that this court gives "[b]road deference" to district court's application of its local rules); D. Ariz. Loc. R. 7.2(i).

**AFFIRMED.**